GLD-437                                                                September 26, 2013
**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

C.A. No. **13-3140**

ANTHONY PAGLIACCETTI, Appellant

    VS.

JOHN KERESTES, SUPERINTENDENT SCI MAHANOY; ET AL.

    (E.D. Pa. Civ. No. 2-11-cv-06381)

Present:    FUENTES, FISHER and VANASKIE, Circuit Judges

    Submitted is appellant's request for a certificate of appealability under 28 U.S.C. § 2253(c)(1), in the above-captioned case.

    Respectfully,

    Clerk

MMW/EGL/eal/clw

_____ORDER_____

    The foregoing application for a certificate of appealability is granted as to appellant's claims that the trial court's instruction on the provocation component of self-defense violated his due process right to proof beyond a reasonable doubt of every element of murder and that trial and appellate counsel rendered ineffective assistance in failing to raise that issue. We conclude that jurists of reason could debate the District Court's denial of these claims on the merits. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). We note appellant's argument that his initial habeas counsel had a conflict of interest with respect to the merits of appellant's habeas petition and that the District Court erred in reaching the merits without appointing "conflict-free" counsel. The question of whether a certificate of appealability is required to raise that issue is referred to the merits panel. Cf. Harbison v. Bell, 556 U.S. 180, 183 (2009); Brown v. United States, 720 F.3d 1316, 1325, 1336 (11th Cir. 2013). If appellant chooses to raise this issue in his brief, the parties are directed to address in their briefs whether a certificate of appealability is required for this issue, and appellant's present counsel is directed to explain in appellant's brief why he did not raise his present

argument with the District Court despite entering his appearance for appellant in that court over six months before it rendered its decision. Because it appears that appellant has retained his present counsel and is not proceeding in forma pauperis, the Clerk will not appoint counsel under 3d Cir. I.O.P. 10.3.2.

By the Court,

/s/ Thomas I. Vanaskie
Circuit Judge

Dated: October 1, 2013
CLW/cc: Michael Wiseman, Esq.
       Thomas W. Dolgenos, Esq.